IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SMITH OLUSOLA AKIN, § | |
| § | |
| Movant, § | |
| § | No. 3:19-cv-01586-M-BT |
| v. § | No. 3:15-cr-00211-M-4 |
| § | |
| UNITED STATES of AMERICA, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Smith Olusola Akin, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Akin's § 2255 motion.

**Background**

From 2011 until at least May 2015, Akin and others were engaged in a scheme to launder proceeds of stolen identity tax refund fraud by laundering the proceeds through debit cards, money orders and cash. PSR ¶ 12. Aiken filed 3,429 fraudulent income tax returns, and he used his victims' personal identifying information. PSR Add. at 2. A large part of the ill-gotten funds he obtained were used to buy vehicles that were shipped to Nigeria. PSR ¶

1

12. In furtherance of this scheme, Akin and his co-defendants established several companies to launder the funds. PSR ¶ 12. The proceeds from the tax fraud were originally deposited onto debit cards established in the names of the victims of identity theft. PSR ¶ 12. The debit cards were then used to purchase Money Gram and Western Union money orders, which were deposited into bank accounts that were opened in company names owned by Akin and his co-defendants. PSR ¶ 12. Akin and his co-defendants, through their companies, then purchased vehicles at national and local automobile auctions. PSR ¶ 12. Hundreds of these vehicles were then shipped to Nigeria. PSR ¶ 12.

Akin pleaded guilty to conspiracy to money launder in violation of 18 U.S.C. § 1956(h) (18 U.S.C. § 1956(a)(1)(B)(i)). On August 17, 2017, the District Court sentenced Akin to 135 months' imprisonment. He was ordered to pay restitution in the amount of $8,878,877.00.

In his Presentence Report (PSR), the Probation Officer noted, "There were 7,577 victims whose identifies were used to file fraudulent tax returns. Because more than 25 of these individuals suffered substantial financial hardship, 6 levels [were] added [to the base offense level] pursuant to USSG § 2B1.1(b)(2)(C)." PSR ¶ 57. In fact, "more than 25 individuals" contacted the Court and "described experiencing substantial financial hardship" caused by Akin's criminal conduct. PSR Add. at 3. The District Court directed the Probation Officer to send out Victim Impact Statements to five

2

percent of Akin's victims, or about 400 individuals. PSR ¶ 45; PSR Add at 2. More than twenty-five victims responded to the Victim Impact Statements and indicated they suffered substantial financial hardship. PSR Add. at 2. An additional twenty-six victims called the Probation Officer to discuss the toll the criminal conspiracy had taken on them. PSR ¶ 45. One of Akin's victims provided the Court with the following explanation of how the criminal conduct had personally impacted him:

> As a result of these criminals' actions, I have suffered financial and emotional ruin . . . this has impacted several areas of my life. 1. I've tried to buy a car, but was told with no credit, I could not obtain a loan. No car meant not being able to secure decent employment, not being able to have a social life, or much of a life at all. 2. I have been a Bookkeeper for many years. When I applied for employment, the companies would conduct a credit check. I was never offered the positions . . . my identity was stolen and my credit rating was destroyed . . . As a result I am on SSI, [food] stamps, and on public assistance for utilities. Being a victim caused me financial and emotional turmoil and quite frankly, ruined my life.

PSR ¶ 46. The Probation Officer used the victims' responses to calculate Akin's offense level. *See* PSR ¶ 57 (adding six levels because more than 25 of the victims whose identities were stolen suffered "substantial financial hardship" as addressed under U.S.S.G. § 2B1.1(b)(2)(C)).

He appealed to the Fifth Circuit Court of Appeals. On June 20, 2018, the Fifth Circuit Court of Appeals held, "We concur with [appellate] counsel's assessment that the appeal presents no nonfrivolous issue for

3

appellate review." (CR ECF No. 236 at 1.)[1] The Fifth Circuit dismissed the appeal. *Id.* at 2.

On July 1, 2019, the Clerk received Akin's § 2255 motion (CV ECF No. 2). In his motion, he argues that his trial attorney, Jeffery Charles King, failed to properly challenge the six-level increase under the United States Sentencing Guidelines (U.S.S.G.) § 2B1.1(b)(2)(C) at sentencing. The Government argues that the record clearly refutes his claim, and because there was no legitimate basis on which his attorney could have argued otherwise, he cannot demonstrate deficient performance or prejudice. The Government concludes that Akin's § 2255 motion should be summarily denied with prejudice. Akin did not file a reply, but the § 2255 motion is now ripe for determination.

## Legal Standards and Analysis

In his sole claim, Akins argues that his trial attorney, King, provided ineffective assistance of counsel when he failed to properly challenge the application of U.S.S.G. § 2B1.1(b)(2)(C). Mot. 4 (CV ECF No. 2); Mem. 11-34 (CV ECF No. 3). He concedes that King objected to the application of U.S.S.G. § 2B1.1(b)(2)(C) at sentencing, but he claims that King's objection was inadequate because it contained "numerous omissions and failures."

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CR ECF" refers to the criminal action, case number 3:15-cr-00211-M-4, and "CV ECF" refers to this civil action, case number 3:19-cv-01586-M-BT.

Mem. 11 (CV ECF No. 3). He further concedes that there were no relevant rulings from the Fifth Circuit Court of Appeals at that time, but he argues there was out-of-circuit precedent that King should have discovered and utilized to formulate a challenge. Mot. 4 (CV ECF No. 2). Akin concludes that if King had made a proper challenge, there is a reasonable probability that his sentence would have been less severe. *Id.*

To prevail on a claim of ineffective assistance of counsel, a movant must show: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if a movant proves his counsel's performance was deficient, he must still prove prejudice. To demonstrate prejudice, a movant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the

5

prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Akin's argument that King failed to properly object to his miscalculated sentence is belied by the record. In fact, King argued that the scheme's impact on the victims' credit "appear[ed] to be the only—factor that attributes [to] the substantial financial loss, the issue with the credit." (CR ECF No. 209 at 10.) Ultimately, the District Court overruled the objection and sentenced Akin to 135 months' imprisonment. (CR ECF No. 209 at 10, 27; CR ECF No. 210 (J.).) Habeas relief is not warranted where, as here, counsel tried but was not successful in his efforts to persuade the Court. *See Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983) ("The fact that trial counsel was unsuccessful in his efforts does not constitute, in light of the entire record, a basis for habeas relief."); *see Thomas v. United States*, 2021 WL 2690094, at *4 (N.D. Tex. June 1, 2021) (quoting *Youngblood*, 696 F.2d at 410); *see also Anokam v. United States*, 2017 WL 655658, at *7 (S.D. Tex. Feb. May 4, 2016) (citing *Youngblood*, 696 F.2d at 410). Consequently, Akin has not demonstrated deficient performance under *Strickland*.

As discussed, the Probation Officer, at the direction of the District Court, sent out Victim Impact Statements to approximately four hundred of Akin's victims. PSR ¶ 45; PSR Add. at 2. More than twenty-five victims responded and explained that they suffered substantial financial hardship

6

because of the crimes. PSR Add. at 2. In addition, twenty-six individuals called in to discuss their case with the Probation Officer. PSR ¶ 45. The record conclusively demonstrates that Akin's criminal conduct caused substantial financial hardship to twenty-five or more victims. Therefore, Akin cannot show that even if his attorney failed to object that it constituted ineffective assistance of counsel under *Strickland*. See *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim[.]"); *see also United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). Accordingly, Akin cannot show that King provided deficient performance.

Akin argues that his "position" is "that the probation officer failed to conclusively prove beyond a preponderance of the evidence that 25 people suffered a substantial financial hardship." (CV ECF No. 3 at 21.) This argument fails because it is conclusory. And "mere conclusory allegations on critical issues are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (per curiam) (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)). Where a habeas petitioner fails to brief an argument adequately, it is considered waived. *Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002) (citing *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary

dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Akin fails to explain why his disagreement with the Probation Officer makes his position a legally sound argument. In addition, his argument also fails because it is irrelevant. As noted, more than twenty-five of his victims contacted the Probation Officer to explain how his scheme caused them to suffer a substantial financial hardship. PSR Add. at 2; PSR ¶ 45. The District Court properly applied a sentencing enhancement that was supported by the record, and Akin's claims to the contrary lack merit.

Akin claims that King should have reviewed and anticipated relevant case law. Mem. 32 (CV ECF No. 3) (Akin argues that his trial attorney should have "present[ed] charts listing victims and their losses; review[ed] Victim Impact Statements]; [and] fil[ed] Sentencing Memoranda."). He further claims that he was denied effective assistance when his attorney used the phrase "substantial financial *loss*," rather than "substantial financial *hardship*" at sentencing. *Id.* 9-10. These arguments lack merit because Akin fails to recognize that more than twenty-five victims contacted the Court and stated they suffered substantial financial hardship. PSR Add. at 2. Neither argument Akin raises in support of his claim that King's performance was deficient undermines the fact he caused "substantial financial hardship" to more than twenty-five victims was well-documented. *Compare* Mem. 32 (ECF No. 3) *with* PSR Add. at 2. Akin cannot demonstrate that any

8

additional preparation or argument from his attorney would have changed this fact. In sum, the Court correctly applied U.S.S.G. § 2B1.1(b)(2)(C), and Akin cannot demonstrate prejudice under *Strickland*.

To the extent that Akin is attempting to challenge the Court's application of U.S.S.G. § 2B1.1(b)(2)(C) at sentencing, his argument fails. Misapplications of the sentencing guidelines are not cognizable in § 2255 motions. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (internal citation omitted) (citing *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994); *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994)); *see also Bowling v. United States*, 2020 WL 8294925, at *5 (N.D. Tex. Dec. 28, 2020) (recognizing the Fifth Circuit Court of Appeals "has historically and consistently held technical application of the guidelines does not raise an issue of constitutional dimension for purposes of section 2255."), *rec. adopted* 2021 WL 272212 (N.D. Tex. Jan. 26, 2021). Thus, to the extent Akin seeks to attack the District Court's application of the guidelines to his sentence, his argument is not cognizable in this § 2255 action.

Finally, Akin claims that he is entitled to an evidentiary hearing to address his § 2255 motion. Mem. 33 (CV ECF No. 3). With a § 2255 motion, an evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981) (citing *Sosa v. United States*, 550 F.2d 244, 250 (5th Cir.

1977)). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008)); *see also United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)). A district court's decision not to hold an evidentiary hearing is reviewed for abuse of discretion. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citing *Cervantes*, 132 F.3d at 1110). As discussed, Akin's sole argument lacks merit, and his § 2255 motion should be denied. Therefore, Akin is not entitled to an evidentiary hearing.

## Recommendation

For the foregoing reasons, the Court should DENY the motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

Signed December 30, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

10

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).